# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50117 | **DATE** | 3/24/2004 |
| **CASE TITLE** | JOHNSON vs. TRIANGLE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss Count II is denied and their motion to dismiss Count III is granted. Count III is dismissed with prejudice. The court suggests the parties attempt to settle this case or move to mediation.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 2 4 2004 | 15 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3-25-04 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Margaret Johnson, as executor of the estate of Brian Johnson, filed a first amended three-count complaint against Triangle Metals, Inc., Brian's former employer, and Thomas Engineering, Inc., Triangle's parent. Count I asserts violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Count II alleges breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Count III claims defendants violated Illinois law, 215 ILCS 5/231.1 (H) (4), by failing to advise Brian of his right to convert his group life insurance coverage to an individual policy prior to expiration of his group coverage. Jurisdiction is proper under 28 U.S.C. §1331 for Counts I and II. The court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367 (a). Defendants move to dismiss Count II and III pursuant to Fed. R. Civ. P. 12 (b) (1), (6) and (7). Plaintiff concedes the weight of authority favors ERISA preemption of Count III and does not oppose its dismissal. Accordingly, Count III is dismissed with prejudice.

Brian was diagnosed with colon cancer while working for Triangle, underwent surgeries and chemotherapy, and, in February 2002, returned to full-time work at Triangle. Compl. ¶¶10-12. Brian's employment was terminated by Triangle on May 9, 2002. Compl. ¶ 18. On December 13, 2002, Brain was found disabled by the Social Security Administration as of May 9, 2002. Id. ¶ 16. Brian died April 12, 2003. Id. ¶ 13. Defendants provided employees, as part of their welfare benefit plans, a group life insurance policy issued by Sun Life providing a death benefit to plan participants. Id. ¶ 14. Because Brian's employment had been terminated, no benefits were paid under the group policy on his death. Id. ¶ 15.

On a 12 (b) (6) motion to dismiss all well-pleaded allegations are taken as true, all reasonable inferences are drawn in plaintiff's favor, and dismissal is appropriate only "when there is no possible interpretation of the complaint under which it can state a claim." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 637 (7th Cir. 2004). Count II asserts defendants breached fiduciary duties under ERISA by failing to advise Brian during the time he had cancer that he had a right to accelerated life insurance benefits or a right to convert his group coverage to an individual life insurance policy. Defendants argue plaintiff received all necessary notice and submits supporting materials to prove it. However, on a 12 (b) (6) motion these documents outside the complaint are not considered. See Berthold Types Ltd. v. Adobe Systems Inc., 242 F. 3d 772, 775 (7th Cir. 2001) (consideration of documents not attached to complaint converts motion to one for summary judgment.) The court declines to convert this motion to one for summary judgment and therefore, will not consider the documents attached to defendants brief. In this posture, plaintiff has alleged a fiduciary duty to inform Brian of his conversion rights and his right to waive premiums and a breach of that duty. Plaintiff has therefore stated a claim for 12 (b) (6) purposes.

Defendants contend in their opening brief that Count II should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (7) because Sun Life is not named as a defendant and is a necessary party. Plaintiff asserts Sun Life is not a necessary party to Count II because its conduct is not challenged and relief can be accorded plaintiff without reference to Sun Life. Plaintiff is only claiming a breach of fiduciary duties by defendants. Defendants do not address plaintiff's argument or the issue of the nonjoinder of Sun Life in their reply brief at all.

Dismissal is not the preferred course for failing to join a party. See Davis Companies v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th Cir. 2001). The court employs a two step process determining first whether a party is one that should be joined if feasible and if the answer is "yes", but it cannot be included, whether the litigation can proceed in its absence. Id. In determining whether a party should be joined pursuant to Fed. R. Civ. P. 19 (a) the court considers "(1) whether complete relief can be accorded without joinder, (2) whether [the party to be joined's] ability to protect [its] interest will be impaired, and (3) whether the existing parties will be subject to a substantial risk of multiple or inconsistent obligations" if not joined. Id. The term "complete relief" means relief "between the persons already parties, and not as between a party and the absent person whose joinder is sought." Id. at 484 (internal quotes and citation omitted.) Plaintiff's claim in Count II concerns simply whether defendant's as ERISA fiduciaries breached duties established by ERISA in failing to provide Brian information related to his rights under the plan. The absence of Sun Life does not bear on whether the actions taken by plan fiduciaries constituted a breach. Complete relief is possible between the parties. Sun Life's ability to protect its interest will not be impaired. Whether a breach by defendants occurred has no impact on Sun Life. The existing parties will not be subject to multiple or inconsistent obligations. A finding defendants are liable will not expose them to further liability to Sun Life. Accordingly, Sun Life is not required to be joined as a party.

For the foregoing reasons, defendants' motion to dismiss Count II is denied and their motion to dismiss Count III is granted. Count III is dismissed with prejudice.